UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------X

UNITED STATES OF AMERICA,

- against –

CAMILLE SOLOMON-EATON,

        Defendant.

----------------------------X

<u>NOT FOR PUBLICATION</u>

**<u>MEMORANDUM & ORDER</u>**

12-CR-352 (KAM)

**MATSUMOTO, United States District Judge:**

Defendant Camille Solomon-Eaton ("Ms. Solomon-Eaton" or
"defendant") is charged by a December 19, 2013 second Superseding
Indictment with sexual exploitation of a child, sexual
exploitation of a child by a parent, distribution of child
pornography, and receipt of child pornography, in violation of 18
U.S.C. §§ 2251 and 2252.  (*See* ECF No. 45, Second Superseding
Indictment (S-2) ("Ind't") filed 12/19/13.)  The thirteen counts
charged in the Indictment relate to defendant's alleged conduct
of taking sexually explicit photographs of her minor daughter
using her cellular phone, sending those images via cellular phone
to a man, Caleb Wade ("Wade"), and receiving images of child
pornography from Wade.[1]  The court assumes that the parties are
familiar with the allegations and procedural history of this

---

[1] Specifically, the second Superseding Indictment charges defendant with the
following: three counts of sexual exploitation of a child in violation of 18
U.S.C. § 2251(a) and (e) (ECF No. 45, Second Superseding Indictment (S-2)
("Ind't"), Counts One, Three, and Five); three counts of sexual exploitation
of a child by a parent in violation of 18 U.S.C. § 2251(b) and (e) (Ind't,
Counts Two, Four, and Six); three counts of distribution of child pornography
in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Ind't, Counts Seven
through Nine); and four counts of receipt of child pornography in violation of
18 U.S.C. §§ 2252(a)(2) and (b)(1) (Ind't, Counts Ten through Thirteen).

case.[2] Jury selection before Magistrate Judge Joan Azrack is scheduled to commence on April 21, 2014; the trial is scheduled to commence before this court on April 28, 2014.

Now before the court are two motions filed by the government. The first motion is the government's motion *in limine*, dated December 2, 2013, seeking the admission of various types of evidence at trial. (ECF No. 38, Motion in Limine to Admit Evidence dated 12/2/13 ("Mot. in Limine" or "12/2/13 Mot.").) The government's second motion, dated March 31, 2014, seeks to preclude defendant from presenting an insanity defense at trial. (ECF No. 93, Motion to Preclude Evidence of Mental Disease or Defect dated 3/31/14 ("Mot. to Preclude" or "3/31/14 Mot.").)[3] Defendant filed her opposition to the government's motion *in limine* on December 27, 2013 (ECF No. 42, Opp. to 12/2/13 Motion dated 12/17/13 ("Opp. 12/2/13 Mot.")), and filed her opposition to the government's motion to preclude mental health evidence on April 5, 2014 (ECF No. 94, Opposition to 3/31/14 Motion dated 4/5/13 ("Opp. 3/31/14 Mot.")). The government has filed replies regarding both motions. (*See* ECF

---

[2]    Defendant was arraigned on the second Superseding Indictment on December 23, 2013. (*See* Minute Entry dated 12/23/13.)

[3]    On March 25, 2014, the court held a pre-trial hearing regarding the sufficiency of defendant's basis to present an insanity defense at trial. During the hearing, the court heard testimony and cross-examination of defendant's proposed expert witness, Dr. Eric Goldsmith, a psychiatrist and forensic psychiatrist. (*See* Minute Entry dated 3/25/14.)

No. 47, Reply to Response to Mot. in Limine dated 12/23/13

("Reply on 12/2/13 Mot."); ECF No. 95, Reply to Response to Mot.

to Preclude dated 4/7/14 ("Reply on 3/31/14 Mot.").)

Having reviewed the parties' submissions, the charged

images, the text message conversation between defendant and Wade,

and the minutes and testimony of Dr. Eric Goldsmith from the

March 25, 2014, pre-trial hearing, the court **grants** the

government's 12/2/13 motion *in limine* but reserves ruling as to

precluding mention of possible punishments, and **denies** the

government's 3/31/14 motion to preclude.

**DISCUSSION**

I.  **Motion *in Limine***

A.  **Legal Standards**

The purpose of a motion *in limine* is to allow the trial

court to rule in advance of trial on the admissibility of certain

forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40

n.2 (1984) (explaining that the motion *in limine* is used "to

exclude anticipated prejudicial evidence before the evidence is

actually offered"); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d

Cir. 1996).  Only when evidence is "clearly inadmissible on all

potential grounds" should evidence be excluded on a motion *in

limine*.  *United States v. Paredes*, 176 F. Supp. 2d 192, 193

(S.D.N.Y. 2001); *see also Nat'l Union Fire Ins. Co. v. L.E. Myers*

3

*Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). A court considering a motion *in limine* may reserve judgment until trial so that the motion is placed in the appropriate factual context, *see Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287, or alternatively, may "in the exercise of sound judicial discretion . . . alter a previous *in limine* ruling" at trial as the "case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B. Motion to Admit Charged Images into Evidence as Government's Case-in-Chief**

The government first moves to admit the charged images into evidence as part of its case-in-chief to prove that the images depict minors engaged in sexually explicit conduct, that defendant had the requisite knowledge of the nature of the images, and to allow the government to present its case with a coherent narrative and full evidentiary force. (*See* 12/2/13 Mot. at 9.) Defendant argues that because she is willing to stipulate that the images constitute child pornography and that she knew the age of her child, and that there exist alternative means to present evidence of the images and their content, the court should exclude the images under Federal Rule of Evidence 403 because their probative value is substantially outweighed by the

4

danger of unfair prejudice. Fed. R. Evid. 403. (*See* Opp. 12/2/13 Mot. at 2-3.)

The court has reviewed the charged images and, despite defendant's offer to stipulate that images constitute child pornography and that defendant was aware of the age of her child, the court finds, under Second Circuit precedent, that the images are admissible and that defendant's offer of stipulation is not an adequate substitute for the actual images. In *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009), the Second Circuit affirmed the district court's decision to admit images and videos of child pornography despite defendant's offer to stipulate. The Second Circuit determined that the defendant's stipulation would not be an "adequate substitute for the evidence offered," and that the "specific nature and content of the images were relevant to the jury's evaluation of [defendant's] claim that he did not understand the wrongfulness of receiving and possessing those images," especially given that defendant raised the insanity defense. *Polouizzi*, 564 F.3d at 152-53. In addition, the risk of unfair prejudice "was minimized by the mode of presentation" where images were shown to the jury for only a few seconds. *Id*. Here, similarly, defendant has given notice of her intent to raise the insanity defense, and the images are evidence the government may use to rebut the insanity defense.

In addition, defendant's proposed stipulations would not cover all of the *mens rea* elements of the crimes charged. The government would still need to prove with respect to Counts One, Three, and Five, charging sexual exploitation of a child, that defendant was aware of the "general nature and character" of the images produced, that is, that defendant had knowledge that the images were sexually explicit in nature and that they depicted a minor. *See United States v. Griffith*, No. 99-CR-786, 2000 WL 1253265, at *19 (S.D.N.Y. Sept. 5, 2000) (holding that general intent is presumed to be the default mens rea under 18 U.S.C. § 2251(a)). Regarding the counts charging sexual exploitation of a child by a parent, distribution, and receipt of child pornography, the government would still need to prove that defendant knew that the images were sexually explicit in nature. *See* 18 U.S.C. § 2251(b) ("Any parent . . . who *knowingly* permits [a] minor to engage in . . . sexually explicit conduct . . . .") (emphasis added); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (holding that the term "knowingly" in 18 U.S.C. § 2252 extends both to the sexually explicit nature of the material and to the age of the alleged minor engaging in the conduct).

The Second Circuit has held that where mens rea remains at issue, the government may prove the mens rea element with the

actual images of child pornography.  Thus, in *United States v.*
*Harris*, No. 12-4862-CR, 2013 WL 6641549 (2d Cir. Dec. 18, 2013),
the Second Circuit concluded that the district court did not
abuse its discretion in admitting a video and image of child
pornography despite defendant's offer to stipulate that the
images constituted child pornography.  The court noted that the
images were probative of "whether [defendant] *knew* that the
images were child pornography," *Harris*, 2013 WL 6641549, at *2
(emphasis added), an element of the offense.  In addition, the
risk of unfair prejudice was minimized by the brief presentation
of the evidence.  *Id.*  Citing *Old Chief v. United States*, 519
U.S. 172, 187-88 (1997), the court remarked that the "government
generally has a right to present evidence, rather than accept a
stipulation." *Id.*

Similarly, in *Herndon v. United States*, 359 F. App'x
241 (2d Cir. 2010), the Second Circuit held that a defendant's
offer to stipulate that images were child pornography was not a
sufficient substitute for the actual evidence because "the
government was still required to prove the knowledge element.
The images allowed the jury to determine how likely it was that
[defendant] knew the images were child pornography." *Herndon*,
359 F. App'x at 243.  Thus, the Second Circuit concluded that the
district court did not abuse its discretion in determining that

7

the probative value of the images outweighed any prejudicial effect. *Id.*

For these reasons, the government's motion *in limine* seeking to admit the charged images is granted.[4] To reduce any risk of unfair prejudice, and given that the government and defendant both agree on limiting the dissemination of child pornography evidence, the charged images will only be shown to jurors for a brief period. *See Polouizzi*, 564 F.3d at 153.

### C. Motion to Admit Entire Contents of Text Message Conversation Between Defendant and Wade

The government also moves to admit the entire contents of the text message conversation between defendant and Wade, including all images exchanged within the conversation. (12/2/13 Mot. at 13.) Defendant did not brief or oppose this portion of the government's motion. (*See* Opp. 12/2/13 Mot.)

The government first asserts that the evidence is inextricably intertwined with the crimes charged and is thus admissible as relevant evidence not subject to Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such

---

[4] There are twelve charged images in total. Eight images depict the defendant's daughter, and four images depict other children. (*See* Ind't at 6-7 (listing image filenames)).

evidence, however, may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

It is well-established that evidence of a bad act or uncharged criminal activity is not considered "other acts" evidence subject to Rule 404(b) "if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, . . . if it is necessary to complete the story of the crime [on] trial," *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997) (quoting *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989)) (internal quotation marks omitted), or if it provides "background for the events alleged" and the "circumstances surrounding the events," *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991). Here, the government argues that the text message conversation is inextricably intertwined with the crimes charged because the conversation consists of a single, continuous series of transactions between defendant and Wade, beginning in October 2011 and ending in December 2011. Specifically, the government asserts that the text messages and images exchanged earlier in the conversation provide context and background for the images at issue in this case.

The court, having reviewed the text message conversation and the images exchanged therein, agrees with the government's position, and finds that the entire text message conversation and the images exchanged within the conversation are admissible because they do not constitute evidence of "other acts" under Rule 404(b).[5]

Moreover, even if the text message conversation were subject to Rule 404(b) as evidence of "other acts," the evidence would nevertheless be admissible. The Second Circuit allows evidence subject to Rule 404(b) to be admitted "'for any purpose other than to show a defendant's criminal propensity.'" *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)); *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007) (noting that the Second Circuit takes an "inclusionary approach"). To be properly admitted, other act evidence (i) must be offered for a proper purpose, (ii) be relevant to a disputed issue, (iii) the probative value must substantially outweigh the danger of the evidence's unfair prejudice, and (iv) the court must administer an appropriate limiting instruction. *Brand*, 457 F.3d at 196.

---

[5] The court finds that only one image, the last image depicting a scarecrow, is inadmissible because it is irrelevant. In addition, the court notes that the defendant's text messages to Wade may be admissible under Federal Rule of Evidence 804(b)(3), as a statement against interest.

Here, the text messages and images exchanged prior to the receipt and distribution of the images at issue in the charged criminal conduct are offered to prove motive and intent (that defendant wished to please or further engage Wade's interest by exchanging the images at issue and that the defendant expressed an interest in child pornography); and knowledge or absence of mistake or accident (that defendant knowingly exchanged sexually explicit material with Wade). "Prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1983). Additionally, the probative value of the adult sexually explicit images and text messages substantially outweighs the danger of unfair prejudice, because any risk of unfair prejudice is minimized where the evidence does "not involve conduct any more sensational or disturbing than the crimes with which [defendant] was charged" or the sexually explicit images of children that are admissible. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992); *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999).

Finally, under Federal Rule of Evidence 414, a court may admit evidence that the defendant "committed any other child

molestation" in a criminal case in which a "defendant is accused of molestation." Fed. R. Evid. 414. The evidence "may be considered on any matter to which it is relevant." *Id.* Rule 414's definition of "child molestation" includes any conduct prohibited by 18 U.S.C. chapter 110, which includes the offenses at issue here. *See* 18 U.S.C. §§ 2251 (sexual exploitation of children), 2252 (receiving or distributing visual depiction of minor engaging in sexually explicit conduct). Thus, under Rule 414, the portions of the text message conversation relating to defendant's sexual molestation of her daughter are admissible as relevant to defendant's intent to engage in the sexual exploitation charged. *Morris v. Eversley*, No. 00 Civ. 8166, 2004 WL 856301, at *2 (S.D.N.Y. Apr. 20, 2004) ("Rules 413, 414, and 415 are based on the proposition that a defendant with a propensity to commit acts [of sexual assault and child molestation] similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant." (internal quotation marks and citation omitted)).

Evidence admissible under Rule 414 is still subject to Rule 403. Here, given that the charged images themselves will be admitted, it is unlikely that the text message conversations describing defendant's sexual molestation of her daughter rises

to the level of unfair prejudice. *See Roldan-Zapata*, 916 F.2d at 804.

Accordingly, the government's motion to admit the entire contents of the text message conversation between defendant and Wade, as well as the images exchanged in the conversation, is granted.

### D. Motion to Limit Dissemination of Child Pornography Evidence and Protect Identities of Victims

The government proposes, and defendant agrees, that the court should limit dissemination of the child pornography evidence and protect the identities of the victims. Accordingly, the court adopts in full the procedures set forth in the government's motion *in limine*. (*See* 12/2/13 Mot. at 29.) In particular, the exhibits of child pornography evidence will be viewed only on the monitors at the bench, counsel tables, and jury chairs, and will not be visible on the public monitors or overhead projector. The monitors at the counsel table shall be angled or positioned such that display of the images is minimized to any onlookers. In addition, the protective order attached to the government's motion *in limine*, protecting the child victims and ordering all persons described in 18 U.S.C. § 3509(d)(1)(B), including employees of both parties and of the court and members of the jury, to comply with the restrictions set forth in 18

U.S.C. §§ 3509(d)(1)(A) and (d)(2), is hereby ordered.  (*See*

12/2/13 Mot., Ex. C., Proposed Protective Order.)  The signed

protective order is attached to this Memorandum and Order.

### E.   Motion to Preclude Reference to Possible Punishments if Convicted

The government further moves to preclude any reference

at trial to the possible punishments defendant faces if

convicted, especially to mandatory minimum sentences, to reduce

any risk of jury nullification.[6]  (12/2/13 Mot. at 43-45.)

Defendant argues that the motion should be denied because jurors,

after seeing and hearing evidence of a mother who took and

exchanged sexually explicit photos of her daughter, may convict

the defendant out of a desire to see her punished, and not based

on the law applied to the facts.  (Opp. 12/2/13 Mot. at 10.)

The Second Circuit has held that a defendant has "no

legal right to a charge informing the jury of the sentencing

consequences of its decisions."  *United States v. Pabon-Cruz*, 391

F.3d 86, 94-95 (2d Cir. 2004) (citing *Shannon v. United States*,

512 U.S. 573 (1994)).  The *Shannon* Court and the Second Circuit

have also recognized, however, that there may be "limited"

circumstances in which "it may be appropriate to instruct the

---

[6]     Counts One through Six of the second Superseding Indictment, charging
sexual exploitation of a child and sexual exploitation of a child by a parent,
carry a mandatory minimum sentence of 15 years.  18 U.S.C. § 2251(e).  Counts
Seven through Nine, charging distribution of child pornography, and Counts Ten
through Thirteen, charging receipt of child pornography, carry a mandatory
minimum sentence of 5 years.  18 U.S.C. § 2252(b)(1).

jury regarding those consequences" of its verdict to "better ensure that the jury bases [the] verdict solely on the evidence" and to discourage nullification. *Polouizzi*, 564 F.3d at 161-62 (citing *Shannon*, 512 U.S. at 586-88). The Supreme Court in *Shannon* explained, for example, that if the prosecutor or a witness says in the presence of the jury that the defendant would "go free" if found not guilty by reason of insanity, then "it may be necessary for the district court to intervene with an instruction to counter such a misstatement." *Shannon*, 512 U.S. at 586. Thus, the Second Circuit and *Shannon* suggest that although a court should not encourage or permit nullification by instructing the jury on mandatory sentences, there may exist some circumstances in which allowing reference to mandatory punishment may actually defuse the threat of nullification. *Polouizzi*, 564 F.3d at 162 ("The *Shannon* Court's reasoning suggests that an instruction might be appropriate . . . because the jury's attention has already been drawn in an unfair and misleading way toward the very thing – the possible consequences of its verdict – it should ignore." (internal citation and quotation marks omitted)).

Here, although the government has stated that it will not refer to the mandatory sentences defendant faces if convicted, there is no way to guarantee, at this stage, that the

government or a witness will not refer to possible punishments.
Because the Second Circuit seems to allow some – albeit limited –
discretion for the trial court to permit reference to mandatory
minimum sentences, and because there may arise a situation in
which this discretion should be used, the court grants without
prejudice the government's motion to preclude any reference to
possible punishments. Both parties shall instruct their
witnesses that they may not refer to any possible punishments
during their testimony, and counsel for both parties shall also
refrain from referring to possible punishments.

> **F. Government's Motion to Preclude Evidence Relating to Mental Disease or Defect**

Finally, the government has moved to preclude any
evidence relating to defendant's mental condition and to preclude
defendant from raising an insanity defense at trial. (*See*
3/31/14 Mot.; 12/2/13 Mot. at 34.) Defendant strongly opposes
the preclusion of psychiatric testimony and the insanity defense.
(*See* Opp. 3/31/14 Mot.)

After reviewing the testimony from the March 25, 2014,
pre-trial hearing during which defendant's psychiatric expert,
Dr. Goldsmith, testified; the psychiatric report and addendum
submitted by Dr. Goldsmith (*see* ECF No. 83, Attach., Goldsmith
Psychiatric Report dated 2/3/14; ECF No. 89-1, Ltr. from Dr.

Goldsmith dated 3/19/14); and the parties' submissions, the court finds that defendant has made a sufficient showing to present an insanity defense. Dr. Goldsmith's testimony as to Ms. Solomon-Eaton's mental condition is relevant and probative, supporting his psychiatric diagnosis that defendant suffered from a severe mental disease or disorder at the time the offenses were committed. In addition, the government has not challenged Dr. Goldsmith's testimony under *Daubert*. Because defendant's evidence as to her mental condition is admissible under the Federal Rules of Evidence and *Daubert*, the court denies the government's motion to exclude all evidence relating to defendant's mental condition at this stage. If, however, after hearing all the admissible evidence, defendant is unable to meet the *Owens* standard for charging the jury with the insanity defense, *see United States v. Owens*, 854 F.2d 432, 435-36 (11th Cir. 1988),[7] the court "may refuse to instruct the jury on insanity or to submit a verdict form on insanity." *United States v. West*, 962 F.2d 1243, 1250 (7th Cir. 1992) (setting forth procedure for admitting psychiatric testimony relating to insanity defense and giving jury instruction); *see United States*

---

[7]    Although the Second Circuit has not yet considered the showing required to warrant a jury instruction on insanity, the *Owens* standard has been adopted by all circuits that have considered the issue. *See, e.g.*, *United States v. Whitehead*, 896 F.2d 432 (9th Cir. 1990); *United States v. West*, 962 F.2d 1243 (7th Cir. 1992); *United States v. Denny-Shaffer*, 2 F.3d 99 (10th Cir. 1993); *United States v. Long Crow*, 37 F.3d 1319 (8th Cir. 1994).

*v. Whitehead*, 896 F.2d 432, 435-36 (9th Cir. 1990) (affirming district court's determination that there was insufficient evidence at trial, under *Owens* standard, to instruct jury on insanity defense); *United States v. Long Crow*, 37 F.3d 1319, 1323-24 (8th Cir. 1994) (affirming district court's refusal to give instruction on insanity where there was insufficient evidence at trial to meet *Owens* standard).

The court is cognizant, however, of the government's concern about permitting defendant to raise any sort of "diminished capacity" defense or volitional defense, both of which are squarely prohibited under the Insanity Defense Reform Act, 18 U.S.C. § 17. *See, e.g.*, *United States v. Long*, 562 F.3d 325, 334 (5th Cir. 2009); *United States v. Denny-Shaffer*, 2 F.3d 99, 1016 (10th Cir. 1993); *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990); *United States v. Pohlot*, 827 F.2d 889, 903-905 (3d Cir. 1987); *United States v. Dupre*, 339 F. Supp. 2d 534, 538-39 (S.D.N.Y. 2004); *United States v. Agnello*, 158 F. Supp. 2d 285, 288-89 (E.D.N.Y. 2001); S. Rep. No. 98-225, 98th Cong., 2d Sess. 229 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3408-10.  Thus, although defendant shall be permitted to present evidence regarding her mental condition at trial, defendant may not introduce evidence that her mental disease affected her *volition* (i.e., defendant's ability to resist or comply with

Wade's requests or conform her conduct to the law), because this is not a legitimate defense under § 17. Finally, as both parties have noted, Dr. Goldsmith and the government's expert are prohibited, under Federal Rule of Evidence 704(b), from giving an opinion on the ultimate issue of whether defendant, at the time of the commission of the charged conduct, suffered from a severe mental disease or defect that resulted in her being unable to appreciate the wrongfulness of her acts, "or, in other words, whether the defendant knew what he or she was doing and that it was wrong." *West*, 962 F.2d at 1246; *United States v. Dixon*, 185 F.3d 393, 400 (5th Cir. 1999) (Under § 17, the "ultimate issue" is whether "severe mental illness does or does not prevent the defendant from appreciating the wrongfulness of his actions"). Defendant and her expert concede that defendant's mental condition did not render her unable to appreciate the nature and quality of her acts.

Therefore, the government's motion to preclude evidence of defendant's mental health and the presentation of an insanity defense is denied. Defendant will not be permitted to present evidence of a forbidden volitional or diminished capacity defense, and the parties' experts are prohibited from giving an opinion on the ultimate issue.

## <u>CONCLUSION</u>

For the foregoing reasons, the government's 12/2/13 motion *in limine* is granted, and the government's 3/31/14 motion to preclude all evidence relating to defendant's mental condition is denied. In light of the court's rulings, the parties are ordered to submit (1) updated voir dire questions to Judge Azrack by 12:00 noon on April 14, 2014, and (2) updated proposed jury instructions, including a charge on insanity and an instruction to disregard evidence regarding defendant's affirmative insanity defense.

**SO ORDERED.**

Dated:     April 9, 2014
           Brooklyn, New York


                              _____/s/_____
                              Hon. Kiyo A. Matsumoto
                              United States District Judge
                              Eastern District of New York

SDD:SK
F.#2012R00570

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                    O R D E R

    - against -                              No. 12-CR-352 (S-1) (KAM)

CAMILLE SOLOMON-EATON,

    Defendant.

- - - - - - - - - - - - - - - - - X

·It is hereby ORDERED that all persons acting in this case in a capacity

described in 18 U.S.C. § 3509(d)(1)(B) shall:

    1.    Keep all documents that disclose the name or other information

concerning a child in a secure place to which no person who does not have reason to know

their contents has access;

    2.    Disclose such documents or the information in them that concerns a

child only to persons who, by reason of their participation in this proceeding, have reason to

know such information;

    3.    At trial and during pre-trial and post-trial proceedings in this case, refer

to minors involved by their first and last initials only.

    IT IS FURTHER ORDERED that all papers to be filed in court that disclose

the name or other information concerning a child shall be filed under seal without necessity

of obtaining a court order, and that the person who makes the filing shall submit to the Clerk

of the Court:

1.  The complete paper to be kept under seal; and

2.  The paper with the portions of it that disclose the name of or other information concerning a child redacted, and in the case of names, replaced by first and last initials, to be placed in the public record.

IT IS FURTHER ORDERED that counsel for the government and counsel for the defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed in camera.

Dated: Brooklyn, New York
April 9 , 2014

_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK